IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| ILIGHT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 2:09-0092 |
| | ) | JUDGE HAYNES |
| MARKTECH INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff, iLight Technologies, Inc ("iLight"), a Tennessee corporation filed this action under 28 U.S.C. § 1332, the federal diversity statute against the Defendant Marktech International Corporation, a foreign corporation, asserting claims for breach of contract and warranty. Plaintiff's claims arise from parts supplied by the Defendant that were shipped to Tennessee to be used in Plaintiff's lighting products and where Defendant's defective parts caused the Plaintiff's products to be returned by its customers.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 15) contending, in sum, that the proper venue lies in the Northern District of New York, the Defendant's principal place of business. Plaintiff contends that the substantial acts occurred in this district where the purchase order for Defendant's products were issued, where the defective components were shipped, were used by Plaintiff for its products, and returned by Plaintiff's customers.

In assessing a venue challenge, the Court "'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'" Serras v. First Tennessee Bank Nat's Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (citation omitted). For venue in diversity actions 28 U.S.C. § 1391(a)(2) applies.

> As to venue, under 28 U.S.C. § 1391(a)(2), venue lies in "a judicial district in which the substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is subject to the action is situated." In the Sixth Circuit venue lies in a district that "has a substantial connection to the plaintiff's claim." First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998).

Waste Management, Inc. v. Mock, 2009 WL 2038144, at *4 (M.D. Tenn. July 9, 2009).

> As a guide where two districts have ties to the controversy, the Sixth Circuit stated:
>
> The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded "claim arose" standard. If the selected district's contacts are "substantial," it should make no difference that another's are more so, or the most so.

Bramlet, 141 F.3d at 263 (citation omitted).

Here, Plaintiff's breach of contract and warranty claims have ties to the Northern District of New York, but the substantial connection of this controversy is to this district where Plaintiff issued the purchase orders for the Defendant's product and where the Defendant's products were shipped, installed, sold and returned by the Plaintiff's customers. Plaintiff's proof reflects that the Defendant's products were actually manufactured in China. The Defendant imported these products from China and shipped them to Plaintiff's plant in this district. Under these circumstances, the Court concludes that the substantial connection and substantial events occurred in this district for which venue is appropriate under 28 U.S.C. § 1391(a)(2).

As to Defendant's motion to transfer under 28 U.S.C. § 1404(a), this Court has set forth the governing principles:

> A district court possesses discretion to transfer a civil matter to any other

appropriate district: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. "The burden rests with the moving party to establish that venue should be transferred." Winnett v. Caterpillar, Inc., 3:06-cv-00235, 2006 WL 1722434, *2 (M.D. Tenn. June 20, 2006). To meet that burden, [the Defendant] must show that the factors supporting transfer weigh heavily in favor of transfer. Id. (citing Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)).

> Therefore, in ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).

Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir.1991).

More specifically, the Court will balance (1) the plaintiffs choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) relative advantages and obstacles to a fair trial; (4) the possibility of the existence of questions arising n the area of conflict of laws; (5) the advantage of having a local court determine questions of local law; and (6) all other considerations of a practical nature that make a trial easy, expeditious, and economical.

Peacock v. PACE Int'l Union Pension Fund Plan, 2007 WL 4403689, at *10 (M.D. Tenn. Aug. 23, 2007) (other citations omitted).

"First, a plaintiff's choice of forum is given deference." Id. at *10. "'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Blane v. American Inventors Corp., 934 F. Supp. 903, 907 (M.D. Tenn. 1996) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)), quoted with approval in Peacock, 2007 WL 4403689 at *10. Defendant contends that "all of the witnesses to the design, development of manufacturing specifications and engineering of the LED products sold to Plaintiffs are located

3

in Latham, New York," (Docket Entry No. 17 at 3), but does not identify such witnesses. "'The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. . . If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer will be denied.'" Peacock, 2007 WL 4403689, at *10 (quoting Bacik v. Peek, 888 F. Supp. 1405m 1415 (N.D. Ohio 1993) (citation omitted)).

As to Defendant's contention that with "[a]ll of Marktech's employees . . . at [its] Latham, New York" facility, "a significant hardship to litigate this matter in Tennessee," exists, (Docket Entry No. 17 at 3), "'[i]t is not enough to simply state that witnesses and evidence are elsewhere without showing hardship or prejudice to either the witnesses or the moving party.'" Moeckel v. Caremark, Inc., 2006 U.S. Dist. LEXIS 27225, *20 (M.D. Tenn. Apr. 3, 2006) (Trauger, J.). In any event, such "[a]n employee witness is 'entitled to less weight because [the Defendant] will be able to compel their testimony at trial.'" Reynolds v. Arowood, 2007 U.S. Dist. LEXIS 61785, *6 (M.D. Tenn. Aug. 21, 2007). "[T]he location of documents and business records is given little weight, unless said documents 'are so voluminous that their transport is a major undertaking.'" Reynolds, 2007 U.S. Dist. LEXIS 61785, at *6 (citations omitted).

Finally, the Defendant argues that the "interests of justice" warrant a transfer to the Northern District where the Defendant purportedly designed the defective LEDs and circuits at issue. In the Court's view, equally significant events occurred in this District. Depositions can be taken in the Northern District of New York to ease any burden upon the Defendant that elected to do business in this District.

In sum, the Court concludes that for these reasons the Defendant's motion to dismiss or

4

transfer (Docket Entry No. 15) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___10th___ day of May, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

5